*445 OPINION.
Smith :
Broadly speaking, the issue in this proceeding is whether the method of accounting employed by the petitioner clearly reflected its net .income. Specifically, the question is whether deferred overhead expenses incurred during 1922 and 1923 may be deducted from its gross income for 1924.
Section 212(b) of the Revenue Act of 1924 provides in part:
Tlie net income shall be computed upon the basis of the taxpayer’s annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *
Article 24, Regulations 65, states in part :
Methods of accounting. — It is recognized that no uniform method of accounting can be prescribed for all taxpayers, and the law contemplates that each taxpayer shall adopt such forms and systems of accounting as are in his judgment best suited to his purpose. * * *
Article 36 of the same Regulations states in part:
Long-term, contracts. — Income from long-term contracts is taxable for the period in which the income is determined, such determination depending upon the nature and terms of the particular contract. As used herein the term “ long-term contracts ” means building, installation, or construction contracts covering a period in excess of one year. Persons whose income is derived in whole or in part from such contracts may, as to such income, prepare their returns upon the following bases:
* * ⅜ * ⅜ ⅜ *
(⅞) Gross income may be reported in the taxable year in which the contract is finally completed and accepted if the taxpayer elects as a consistent practice so to treat such income, provided such method clearly reflects the net income. If this method is adopted there should be deducted from gross income all expenditures during the life of the contract which are properly allocated thereto, taking into consideration any material and supplies charged to the work under the contract but remaining on hand at the time of completion.
Where a taxpayer has filed his return in accordance with the method of accounting regularly employed by him in keeping his books and such method clearly reflects the income, he will not be required to change to either of the methods above set forth. If a taxpayer desires to change his method of *446 accounting in accordance with paragraphs (a) and (⅞) above, a statement showing the composition of all items appearing upon his balance sheet and used in connection with the method of accounting formerly employed by him, should accompany his return.
We have heretofore held in James C. Ellis, 16 B. T. A. 1225, that the long-term-contract basis of reporting income will properly reflect the income derived from long-term contracts.
It is apparent that none of the petitioner’s long-term contracts entered into in 1922 or prior thereto extended into the year 1924 and that some of the contracts entered into during 1923 did extend into and were completed in 1924. In view of these facts, we are of the opinion that the petitioner was entitled to carry forward and deduct from gross income for 1924 a proportionate part of its 1923 overhead expenses. With respect to the overhead expenses for 1922, we are of the opinion that the respondent committed no error in refusing to allow any portion of such expenses as a deduction from gross income for the year 1924.

Judgment will be entered u/nder Bule SO.